## PHILLIPS, administrator, *v.* JOHNSON.

The evidence authorized the verdict, and the assignments of error which are sufficient in form to raise any question for decision by the Supreme Court do not show cause for reversal.

No. 1207. SEPTEMBER 3, 1919.

Equitable petition. Before Judge Hardeman. Emanuel superior court. October 7, 1918.

Isaac and Delia Johnson, persons of color, lived together during the latter part of the Civil War. They continued to live together, and were living together as husband and wife on March 9, 1866. In 1866 they moved to the upper part of Emanuel county and settled on a piece of land purchased by Isaac. The land was cleared and improved, and the two lived thereon as husband and wife for some years, when Isaac purchased another piece of land near by, and cleared and improved the same. For more than fifty years Isaac held Delia Johnson out as his wife and they were generally known as husband and wife. Isaac died in 1914 or 1915. In 1910 Isaac owned some 300 acres of land. In that year he gave off to certain of his kin approximately 100 acres of his land, and on November 25, 1910, he made to Delia Johnson a deed to his remaining lands; the two tracts indicated above containing approximately 200 acres. At the same time he made a parol gift to Delia of all his personal property, and she entered into immediate possession thereof and held and enjoyed the same until the death of Isaac. After his death Delia paid all debts due and owing by him and continued in possession of the realty and personalty, claiming the realty as grantee in the deed and the personalty as donee under the parol gift, and both the realty and personalty as the sole heir at law of Isaac Johnson. In 1915 Sherman Phillips, a distant relative of Isaac Johnson (there being no children or representatives of children of Isaac), made application for letters of administration on his estate. Appraisers were appointed, and the administrator, together with the appraisers, went to the dwelling-house of Delia Johnson, in her absence, and made an appraisement of the personal property in her possession. Subsequently the administrator obtained an order to sell the personalty, and had advertised the same for sale when Delia Johnson brought her petition in equity, making in substance the foregoing allegations, and praying that the administrator be enjoined from further proceeding in the premises. To the petition the administrator made answer, and consented that the court of equity adjudicate all questions at issue. He denied that Delia Johnson was the wife of Isaac Johnson, or that Isaac and Delia were living together as husband and wife on March 9, 1866; and alleged, that at the time the deed was executed, if the same was in fact executed, Isaac was very old and infirm and did not have capacity to execute a deed; that the deed was the result of a fraudu-

lent scheme between Delia Johnson, one Elmore Jones, and one May Pierce, to deprive the lawful heirs at law of Isaac Johnson of any part of his estate. The jury returned a verdict for the plaintiff. The defendant's motion for new trial was overruled, and he excepted.

*F. H. Saffold* and *T. N. Brown,* for plaintiff in error.
*Williams & Bradley,* contra.

FISH, C. J. (After stating the foregoing facts.) Elmore Jones was sworn as a witness for the plaintiff. On cross-examination it was elicited by the defendant's counsel that Delia Johnson, after the death of Isaac, had made her will and that the witness and his sisters were named as devisees therein. Counsel then asked the witness to state the condition of Delia Johnson on the day of the execution of the will. Whereupon the court ruled that counsel might show the interest of the witness, and might, therefore, show that the witness was named as a devisee or legatee in the will of Delia Johnson, but that the condition of Delia Johnson on the day of the execution of the will was irrelevant. This ruling is assigned as error in the motion for new trial. The assignment is without merit. It was relevant to show that the plaintiff, Delia Johnson, had named Elmore Jones, the witness, as a devisee or legatee in her will; but whether the plaintiff was of sound and disposing mind and memory at the time of the execution of the will is immaterial.

During the progress of the trial, and when practically all the evidence in the case had been introduced, the court made the following ruling: "I hold that heirs at law of the deceased, Isaac Johnson, who testified to transactions or communications with the deceased, Isaac Johnson, are incompetent witnesses to testify to such transactions or communications had with him, on the ground that should it be found there was no marriage between the deceased and Isaac Johnson, and that this deed should be set aside, they would then become directly interested in the result of this trial, and they are incompetent witnesses to testify to transactions or communications had with the deceased; and I rule out the testimony of the sisters of the deceased who have testified to transactions and communications had with Isaac Johnson. That ruling would also apply to Lula Oglesby, the niece, her mother being dead, or to any witness who is an heir at law. . . I leave in the statement of Delia Johnson, to which the witnesses have testified, of course."

This ruling is assigned as error, "because marriage or the want of marriage may be proven by reputation in the family, and these witnesses, being related to Isaac Johnson, were competent to testify on that point; because the rule as to the admission of testimony concerning statements of the deceased person prevents the party opposed to the administrator from testifying to such communication, but allows witnesses for the administrator to testify to such communications; and the testimony excluded by this ruling, being in favor of the legal representative of the deceased, was admissible." Several relatives of Isaac Johnson testified for the defendant. The alleged transactions or communications with the deceased are not set out in the motion for new trial; and since the court excluded certain transactions or communications from the evidence, presumably these communications are not to be found in the brief of evidence. It affirmatively appears, however, from an examination of the approved brief of evidence that the relatives of Isaac Johnson, sworn as witnesses for the defendant, were allowed to testify to the reputation in the family, and did testify that Isaac and Delia were never married and were not man and wife. Inasmuch as the excluded testimony is not set forth in the motion for new trial either literally or in substance, or attached thereto as an exhibit, the assignment of error can not be considered.

After the conclusion of the testimony, the court retired the jury and ruled as follows: "I will eliminate the land, and I submit to the jury the question as to the personal property." This ruling is assigned as error. There was no evidence to authorize a finding that the deed was procured by fraud, or that the grantor did not have sufficient mental capacity to execute it. The court, therefore, properly withdrew from the consideration of the jury the issue as to the validity of the deed.

The court charged the jury as follows: "If you should find that Delia Johnson and Isaac Johnson were living together prior to March 9th or on the 9th day of March, 1866, as husband and wife, that it would be immaterial whether they were married by any form of law or not. The law would not require, after March 9th, 1866, that they should enter into a marriage ceremony or contract whatever, in order to constitute them husband and wife." In one ground of the motion for new trial this charge is assigned as error, because "it is contrary to law," and because "March 9th, 1866, and

no other day or date, is the time fixed by law for the establishment of marriage between persons of color. If persons of color who lived together as husband and wife prior to March 9, 1866, saw fit before that day to abandon such relationship, the law would not adjudge them husband and wife; and if they did abandon such relationship, or either of them did so, before March 9, 1886, the law would not allow them to renew such relationship after that date without a new contract." By reference to the entire charge of the court it appears that the court instructed the jury that "persons of color, colored people, living together on the 9th day of March, 1866, who were living then as husband and wife, whether there has been a ceremony or not, sustain that legal relation to each other." In immediate connection therewith follows the excerpt from the charge to which exception is taken. It is manifest, therefore, that the portion of the charge assigned as error was neither misleading nor harmful. It is apparent that the court construed the law as the plaintiff in error now construes it, and the jury must have so understood the charge.

The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*